IN THE DISTRICT COURT IN AND FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO.

CARRIE HERR,

    Plaintiff,

v.

POWELL LAW OFFICE, P.C., and
LIGHTHOUSE RECOVERY ASSOCIATES, LLC,

    Defendants.
_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff, CARRIE HERR ("Plaintiff"), is a natural person who at all relevant times resided in the State of Illinois, County of Kendall, and City of Montgomery.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, POWELL LAW OFFICE, P.C., ("Defendant") or ("Powell") is a professional corporation who at all relevant times was engaged, by use of the mails and

telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant Powell is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, LIGHTHOUSE RECOVERY ASSOCIATES, LLC ("Lighthouse") is a limited liability company who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. Defendant Lighthouse is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Defendant Lighthouse uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Defendant Lighthouse purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14. Defendant Lighthouse acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

15. Defendant Lighthouse is thoroughly enmeshed in the debt collection business, and Defendant Powell is a significant participant in Defendant Lighthouse's debt collection process.

16. In connection with collection of an alleged debt in default, Defendant sent Plaintiff initial written communication dated June 28, 2011, and at such time, Defendant stated, in relevant parts, as follows:

> Please be advised the Powell Law Office, PC has been assigned the above referenced account. This is a demand for the full balance, as the account is seriously past due and you have had ample time to pay the original creditor. An attorney will soon be assigned to review the file for the purpose of additional collection activity, and/or litigation, and/or possible referral to a law firm situated in your city and county of residence. In some cases, with authorization, and if you can be qualified, we will arrange for installment payments of the entire balance providing you call or contact us promptly. Please call us toll free at 1-877-299-4801.

(See June 28, 2011 Correspondence, attached hereto as Exhibit "A").

17. Said statement would lead a least sophisticated consumer to believe that payment pursuant to Defendant's terms was necessary to avoid further action, including but not limited to, the imminent initiation of litigation against Plaintiff, and as such, Defendant's communication overshadowed, and was inconsistent with, the disclosures required during the thirty-day dispute period.

18. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

19. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

20. Defendants violated 15 U.S.C. § 1692g(b) by overshadowing the required disclosures during the thirty-day dispute period, including threatening to take immediate action against Plaintiff and disclaiming the validity of the disclosures in the same conversation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

21. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this ___ day of _____, 2011.

        Respectfully submitted,
        **CARRIE HERR**

        By:___s/ Alex Weisberg___
        ALEX D. WEISBERG
        FBN: 0566551
        WEISBERG & MEYERS, LLC
        ATTORNEYS FOR PLAINTIFF
        5722 S. Flamingo Rd, Ste. 656
        Cooper City, FL 33330
        (954) 212-2184
        (866) 577-0963 fax
        aweisberg@attorneysforconsumers.com